UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| IN RE: REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE FROM THE MOSCOW ARBITRATION COURT IN MOSCOW, RUSSIA, IN THE MATTER OF MARIANNA GENNADYEVNA BELCHANSKAIA | ) ) ) ) Case No.: 3:25-mc-12 ) ) ) |

## MEMORANDUM OF LAW IN SUPPORT OF *EX PARTE* APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782

Pursuant to 28 U.S.C. § 1782, the United States of America, through its counsel, hereby respectfully submits this memorandum of law in support of its *ex parte* application[1] for an order appointing the undersigned Assistant United States Attorney Jonathan H. Hambrick as Commissioner to secure evidence from Capital One Bank, for use in a bankruptcy proceeding before the Moscow Arbitration Court in Moscow, Russia.

### INTRODUCTION

The request for international judicial assistance comes from the Moscow Arbitration Court in Moscow, Russia ("Russian Court"). Specifically, the Russian Court issued a letters rogatory request seeking assistance to obtain financial records for use in the Matter of Marianna Gennadyevna Belchanskaia, Foreign Reference Number A40-280381/19-109-308. *See* Exhibit 1,

---

[1] "Letters Rogatory are customarily received and appropriate action taken with respect thereto ex parte. The witnesses can and have raised objections and exercised their due process rights by motions to quash the subpoenas." *In re Letters Rogatory from Tokyo Dist., Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976). *See also Banca Pueyo SA v. Lone Star Fund IX (US), L.P.*, 55 F.4th 469, 474 (5th Cir. 2022) (commenting that "it is not unusual for § 1782(a) applications to be made on an *ex parte* basis to the district court" and holding that the *ex parte* process should not restrict a respondent's legal rights). Note, even though these applications are generally filed *ex parte*, they do not need to be filed under seal. *See, e.g.*, Order denying Motion to Seal U.S.'s Application for Ex Parte Order Appointing Commissioner Pursuant to 28 U.S.C. § 1782, *In re Mutual Assistance of Local Court of Wetzlar, Germany*, 1:17-mc-00078-SKO, 2018 WL 306678, at *3 (E.D. Cal. Jan. 5, 2018).

Letter received from Department of Justice; Exhibit 2, Memorandum from the Department of State; Exhibit 3, letters rogatory request and Determination issued by the Russian Court.

The facts of this case, as stated in the letters rogatory request, indicate that this is a civil proceeding in which the Russian Court is adjudicating a bankruptcy/insolvency proceeding involving Marianna Gennadyevna Belchanskaia (the "debtor"). In order to resolve this matter, the Russian Court is requesting information regarding account history, assets, loans, and other financial information relating to the debtor from Capital One Bank.

The Russian Court's request was transmitted to the U.S. Department of Justice, Civil Division, Office of Foreign Litigation, Office of International Judicial Assistance in Washington, D.C. through diplomatic channels to be executed as a matter of comity, courtesy, and reciprocity. 28 C.F.R. § 0.49. The request was then forwarded to the Office of the United States Attorney for the Eastern District of Virginia pursuant to 28 C.F.R. § 0.49(c). In order to execute this request for international judicial assistance, authority must be obtained from this Court. 28 U.S.C. § 1782(a).

## ARGUMENT

**I.     STATUTORY CONSIDERATIONS WEIGH IN FAVOR OF GRANTING THE UNITED STATES' APPLICATION**

Section 1782 authorizes a district court to order a person who "resides or is found" in that district to produce testimonial, documentary, or physical evidence "for use in a proceeding in a foreign or international tribunal." *Id.* § 1782(a). The statute permits a court to direct that the evidence "be produced before a person appointed by the court," who would be empowered to "administer any necessary oath and take the testimony or statement." *Id.* In addition, a § 1782 order "may prescribe the practice and procedure" for producing the document, including the practice and procedure of the requesting tribunal. *Id.* "To the extent that the order does not

prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure." *Id.* District courts have repeatedly appointed Department of Justice Attorneys to act as § 1782 commissioners pursuant to this provision for the purpose of rendering judicial assistance to foreign courts. *See, e.g.*, *In re Clerici*, 481 F.3d 1324, 1327 (11th Cir. 2007) (affirming a district court's appointment of an Assistant United States Attorney to obtain sworn answers to questions posed in letters rogatory).

Section 1782 "is the product of congressional efforts, over the span of nearly 150 years, to provide federal-court assistance in gathering evidence for use in foreign tribunals." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). By this law, Congress intended that the United States set an example to other nations by making judicial assistance generously available. *See, e.g.*, *In re Request for Assistance from Ministry of Legal Affairs of Trin. & Tobago*, 848 F.2d 1151, 1153-54 (11th Cir. 1988) (discussing several historical instances in which Congress has broadened § 1782, each time increasing the statute's ability to provide international judicial assistance), *abrogated on other grounds by Intel Corp.*, 542 U.S. 241.

This Court is authorized to provide assistance to the Russian Court if the three requirements set forth in § 1782 are met. Those requirements are: (1) the person from whom discovery is sought resides or is found in the district; (2) the discovery is for use in a proceeding before a foreign or international tribunal; and (3) the application is made "by a foreign or international tribunal" or "any interested person." 28 U.S.C. § 1782(a). *Accord In re Application Pursuant to 28 U.S.C. § 1782 for an Order Permitting Bayer AG to Take Discovery*, 146 F.3d 188, 193 (3d Cir. 1988); *Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 83 (2d Cir. 2004) (quoting *In re Application of Esses*, 101 F.3d 873 (2d Cir. 1996)).

Here, each of these threshold statutory requirements is easily met. First, Capital One Bank "resides or is found in" the Eastern District of Virginia because the company's subpoena processing center is located in Richmond, Virginia.[2] Second, the letters rogatory request explains that the information sought is "for use in a proceeding before a foreign tribunal," in that the requested information will provide the court with financial information regarding the account history, assets, loans, and other financial information relating to the debtor for use in a bankruptcy proceeding pending in the Russian Court. *See* Exhibit 3. Third, the letters rogatory request itself also reflects that it "is made by a foreign or international tribunal." *Id.* Thus, all of the statutory requirements for honoring the request for judicial assistance are satisfied.

## II. DISCRETIONARY CONSIDERATIONS WEIGH IN FAVOR OF GRANTING THE UNITED STATES' APPLICATION

Although "a district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so," *Intel*, 542 U.S. at 264, § 1782 "grants district courts wide discretion to determine whether to grant discovery and equally wide discretion to tailor such discovery to avoid attendant problems," *Esses*, 101 F.3d at 876.

The Supreme Court has identified four factors that a court may consider in exercising its wide discretion to grant a § 1782(a) request: (1) whether the person from whom the discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, character of the proceedings, and the receptivity of the foreign tribunal to judicial assistance; (3) whether the request conceals an attempt to circumvent foreign proof-gathering or other policies of a

---

[2] When executing requests for financial records, the policies and procedures of the U.S. Department of Justice, Office of International Judicial Assistance's policies and procedures require that the request be executed in the district where the subpoena processing center is located for the particular financial institution.

foreign country or the United States; and (4) whether the request is unduly intrusive or burdensome. *Intel*, 542 U.S. 264-65.

The statute's "twin aims of providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts" should guide the Court's analysis. *In re Malev Hungarian Airlines*, 964 F.2d 97, 100 (2d Cir. 1992). *See also United States v. Morris (In re Letter of Request from Amtsgericht Ingolstadt, Fed. Republic of Ger.)*, 82 F.3d 590, 592 (4th Cir. 1996) ("Plainly, the . . . statute envision[s] considerable cooperation with foreign courts' requests for assistance and a general practice of reciprocity."). Here again, each of these discretionary factors weigh in favor of assisting the Russian Court.

With respect to the first factor, "although this factor was originally expressed as a 'participant' versus 'nonparticipant' analysis under the facts presented in *Intel*, the true question at hand is whether the requested discovery is available to the foreign tribunal without the assistance of this Court." *In re Request for Judicial Assistance from the Dist. Court in Svitavy, Czech*, 748 F. Supp. 2d 522, 526 (E.D. Va. 2010) [hereinafter *In re Svitavy*]. *See also Intel*, 542 U.S. at 264 ("[N]onparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid."); *Palantir Techs., Inc. v. Abramowitz*, 415 F. Supp. 3d 907, 912-13 (N.D. Cal. 2019) (finding that the first factor weighed in favor of granting the § 1782 application because the requesting German court was unable to compel the production of documents and testimony from a party residing or located outside Germany without U.S. court assistance). Capital One Bank is not a party to the underlying bankruptcy proceeding, and the evidence held

by Capital One Bank appears to be outside the jurisdictional reach of the Russian Court because Capital One Bank is physically located in Richmond, Virginia.

With respect to the second factor, there is nothing in the letters rogatory request to suggest that this Court should decline to grant the Application based on the nature of the Russian Court or the character of the proceedings. Additionally, this request was initiated by the Russian Court and not by an independent party; therefore, the Russian Court is clearly receptive to the assistance of this Court. *See In re Request for Int'l Jud. Assistance from the Norrkoping Dist. Court, Sweden,* 219 F. Supp. 3d 1061, 1063 (D. Colo. 2015) (holding that because the Swedish court sought judicial assistance from the United States, the second *Intel* factor weighed in favor of disclosure.).

With respect to the third factor, because the requester is the Russian Court, there is sufficient assurance that the request for judicial assistance is not an attempt to circumvent the Russian discovery rules or to thwart the policies of Russia. *See In re Svitavy*, 748 F. Supp. 2d at 529 ("[T]he fact that the request was initiated by the Svitavy Court itself, rather than a private litigant, provides sufficient assurance that the request does not attempt to circumvent Czech discovery rules or Czech policy."). There is also nothing to support a conclusion that the request would thwart the policies of the United States. While the records and information sought by the Russian Court are held by a United States financial institution, the Right to Financial Privacy Act ("RFPA"), 12 U.S.C. §§ 3401-23, does not apply to this request under § 1782. *See Young v. U.S. Dept. of Justice*, 882 F.2d 633, 638-39 (2d Cir. 1989) (finding RFPA did not apply to Department of Justice attorney who was acting in capacity as a commissioner under § 1782); *In re Letter of Request for Judicial Assistance from Tribunal Civil de Port-Au-Prince*, 669 F. Supp. 403, 407 (S.D. Fla. 1987) (finding RFPA inapplicable to request pursuant to 28 U.S.C. § 1782).

And with respect to the fourth factor, the request seeks specific information regarding the account history, assets, loans, and other financial information relating to the debtor for use in a bankruptcy proceeding, and therefore would not be unduly intrusive or burdensome. *See, e.g., In re Application of Mesa Power Grp., LLC,* 878 F. Supp. 2d 1296, 1306 (S.D. Fla. 2012) (holding that "no undue burden exists because the discovery requests being compelled through this Order are sufficiently tailored."). *See also Mees v. Buiter*, 793 F.3d 291, 302 (2d Cir. 2015) ("[W]hether a request is intrusive or burdensome should not be assessed based on the 'discovery scope' available in a foreign proceeding. Few if any foreign jurisdictions permit the scope of discovery available in our courts.").

Accordingly, each of the four discretionary factors set forth in *Intel* favors authorizing judicial assistance to the Russian Court.

## **CONCLUSION**

For the foregoing reasons, the United States respectfully requests that this Court grant its application for an Order pursuant to 28 U.S.C. § 1782 appointing Jonathan H. Hambrick, Assistant United States Attorney, as Commissioner and authorizing him to take the actions necessary, including the issuance of a subpoena, to secure evidence from Capital One Bank for use in the proceeding before the Moscow Arbitration Court in Moscow, Russia.

//

//

//

Dated: September 3, 2025                    Respectfully submitted,

                                                           ERIK S. SIEBERT
                                                         UNITED STATES ATTORNEY

                              By:    /s/_____
                                      Jonathan H. Hambrick
                                      VSB No. 37590
                                      Assistant United States Attorney
                                      Office of the United States Attorney
                                      919 East Main Street, Suite 1900
                                      Richmond, Virginia 23219
                                      Telephone:  (804) 819-5400
                                      Facsimile:  (804) 771-2316
                                      Email:  jay.h.hambrick@usdoj.gov